IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF JOHNSTON-LEGG, an individual, BOTTLED CITY HOLDINGS LLC, a Delaware series limited liability company, INTEGRA CAPITAL LLC, an Illinois limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )   No. 23-cv-0686 |
| v. | )<br>)   Judge Jeffrey I. Cummings<br>) |
| MITCHELL COOK, an individual, MSCI INVESTMENTS, INC., a Texas corporation, TEMSCO, INC., a Texas corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On December 27, 2022, plaintiffs Jeff Johnston-Legg, Bottled City Holdings LLC, and Integra Capital LLC filed suit against defendants Mitchell Cook, MSCI Investments, Inc., and TEMSCO, Inc. in the Circuit Court of Cook County, Illinois, alleging, *inter alia*, that defendants breached their contractual obligations to plaintiffs during the parties' business relationship between 2017 and 2021. (Dckt. #1-1 ¶¶17–126). Defendants filed their Notice of Removal with this Court on February 3, 2023, (Dckt. #1), and subsequently moved to dismiss plaintiffs' complaint for *forum non conveniens*, transfer pursuant to 28 U.S.C. §1404(a), or dismiss certain parties and claims under Rule 12(b)(6), (Dckt. #16). The Court grants defendants' motion in part and transfers this case to the Eastern District of Texas, Sherman Division.

**I.    BACKGROUND**

In consideration of defendants' motion, the Court construes "the complaint in the light most favorable to the plaintiffs, accepting as true all well-pleaded facts and drawing reasonable

1

inferences in the plaintiffs' favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). However, the Court "need not accept as true statements of law or unsupported conclusory factual allegations." *Id*.

Defendant Mitchell Cook ("Cook"), who resides in Krum, Texas, is the owner of co-defendants MSCI, Inc. ("MSCI") and TEMSCO, Inc. ("TEMSCO"). (Dckt. #1-1 ¶¶13, 17, 20). MCSI and TEMSCO are both Texas corporations, with their principal places of business located in Denton, Texas. (*Id.* ¶¶12, 14). Plaintiff, Jeff Johnston-Legg, who resides in Wilmette, Illinois, is the owner of co-plaintiffs CJK Holdings LLC ("CJK"), Bottled City Holdings LLC ("Bottled City"), and Integra Capital LLC ("Integra"). (*Id.* ¶¶8, 23, 26, 40). The principal places of business for CJK, Bottled City, and Integra are all located in Wilmette, Illinois. (*Id.* ¶¶9–11).

In November 2018, Johnston-Legg traveled to MSCI's headquarters, then located in Corinth, Texas, to learn more about the company and meet with Cook and MSCI's employees. (*Id.* ¶30). Afterwards, in December 2018, Cook and Johnston-Legg executed a Letter of Agreement to retain Johnston-Legg (through co-plaintiff Integra) as MSCI's chief financial officer (the "CFO Agreement"). (*Id.* ¶31).

On January 2, 2019, the parties executed a Letter of Understanding ("LOU") through which Johnston-Legg caused Bottled City to transfer $1,000,000 to MSCI. (*Id.* ¶¶40–41).[1]

The LOU contained a "Governing Law; Venue" provision, which states:

---

[1] Plaintiffs attached a copy of the LOU to their complaint, which the Court considers as "a part of the pleading for all purposes." Fed.R.Civ.P. 10(c); *see Williamson v. Curran*, 714 F.3d 432, 435–36 (7th Cir. 2013) (noting that the Seventh Circuit takes a broad view of the term "written instrument").

> This Letter shall be governed by, and construed in accordance with the internal laws (as opposed to conflict of laws provisions) of the State of Texas. The Parties submit to the jurisdiction and venue of any dispute to the Texas state courts in Denton County, Texas. EACH PARTY IRREVOCABLY WAIVES ANY OBJECTION TO VENUE.

(Dckt. #1-1 at 307).

Plaintiffs allege that Cook has inflicted damages on Johnston-Legg and his companies including, among other things, nearly $200,000 in unpaid compensation, $463,419.87 in unpaid loans, and damages for MSCI's improper use of $1 million of Bottled City's funds for three years. (*Id.* ¶6).

Plaintiffs filed a nine-count complaint for damages to recover based on defendants' alleged breach of their various contractual obligations. Specifically, plaintiff Bottled City brings claims for breach of contract and duty of good faith and fair dealing against MSCI (Counts I, II, and VIII) as well as tortious interference with a contract and business expectancy claims against Cook (Counts III & IV). (*Id.* ¶¶72–93, 111–16). Johnston-Legg joins Integra to bring a breach of contract claim against MSCI related to the CFO agreement (Count V). (*Id.* ¶¶94–98). Integra brings alternative claims for unjust enrichment and *quantum meruit* against MSCI (Counts VI & VII). (*Id.* ¶¶99–110). Finally, CJK and Bottled City make a claim for MSCI to disclose corporate records under Texas state law (Count IX). (*Id.* ¶¶117–126).

Defendants now move to dismiss plaintiffs' complaint under either a theory of *forum non conveniens*, to transfer this case to the Eastern District of Texas, Sherman Division under 28 U.S.C. §1404(a), or to dismiss pursuant to Rule 12(b)(6). (Dckt. #15). The Court denies defendants' *forum non conveniens* motion and instead grants their motion to transfer the case to the Eastern District of Texas for the following reasons.

## II. DISCUSSION

### A. Plaintiffs' Choice to File Their Lawsuit Outside of the Texas State Court Located in Denton County, Texas Does Not Mandate Dismissal Under the Doctrine of *Forum Non Conveniens*.

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).[2] Prior to engaging this doctrine, however, district courts "must determine whether the forum selection clause applies to the claims within [the] complaint and whether the clause is mandatory or permissive."[3] *Nulogy Corp. v. Menasha Packaging Co., LLC*, 76 F.4th 675, 679–80 (7th Cir. 2023) (citing *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 640 (7th Cir. 2022)). "District courts across the country have similarly recognized that the analysis on a motion to transfer based on a forum-selection clause begins with whether the clause is mandatory or permissive. If the forum-selection clause is permissive, the courts have consistently declined to apply *Atlantic Marine*." *Fin. Cas. & Sur., Inc. v. Parker*, No. CIV.A. H-14-0360, 2014 WL 2515136, at *3 (S.D. Tex. June 4, 2014). In that instance,

---

[2] Defendants assert that the choice-of-law provision mandates Texas state law and federal law apply to all aspects of this case. (Dckt. #29 at 2–3 n.1). There remains a circuit split on the issue of whether federal or state law governs the enforceability of forum-selection provisions, but a "majority of federal circuits hold that the enforceability of a forum selection clause implicates federal procedure and should therefore be governed by federal law," *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 774 (7th Cir. 2014) (cleaned up). Moreover, defendants cite a mixture of federal and Texas law in support of their assertion that the forum-selection clause found in the LOU is applicable to the complaint and mandatory. (Dckt. #15 at 24); (Dckt. #29 at 4–6). The Court follows their lead and looks to the federal common law as the parties agree that federal common law applies to the issue. *See Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 374 (7th Cir. 1990) (choosing to not decide choice-of-law issues because neither party invoked interpretive principles based in either state's law).

[3] Plaintiff argues that the forum-selection clause is inapplicable to their complaint because it is permissive. (Dckt. #22 at 13). *Nulogy*, however, guides the Court to analyze the applicability of the forum-selection clause separate from its analysis of whether that clause is mandatory or permissive. 76 F.4th at 679–80.

4

courts instead engage in an analysis under 28 U.S.C. §1404(a), if transfer is sought. *Id*. (collecting cases).

The LOU's forum selection clause plainly applies to the claims found in plaintiffs' complaint.  Indeed, the complaint relies on the terms of the LOU in stating Counts I, II, III, and IV.  (Dckt. #1-1 ¶¶72–93).  Although the complaint's remaining counts are not founded directly in the LOU, plaintiffs' allegations underlying those counts relate to defendants' alleged violations of their various contractual obligations and involve conduct flowing from the LOU.

Accordingly, the Court turns to whether the forum-selection clause is mandatory or permissive.  *Nulogy Corp.*, 76 F.4th at 680.  The forum-selection clause in the LOU states that the parties "submit to the jurisdiction and venue of any dispute to the Texas state courts in Denton County, Texas" and "IRREVOCABLY WAIVE[] ANY OBJECTION TO VENUE." (Dckt #1-1 at 307).  Plaintiffs argue that this language is permissive because it merely states that the parties consented to jurisdiction rather than mandated Denton County, Texas as the exclusive venue to which they could bring claims related to the LOU.  (Dckt. #22 at 13).

The Court agrees.  Nothing in the LOU's forum-selection clause lays exclusive venue to any forum and the remainder of the clause does not imply that the parties intended to make Denton County, Texas the exclusive venue to bring suits to enforce that agreement.  *See Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992) ("where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive."); *cf., e.g.*, *Id*. at 756 (collecting cases with definitive exclusive language mandating that suits "shall" be brought in a specific venue).  Read by its terms, the LOU specifies that the parties "submit to the jurisdiction and venue" of Denton County, Texas, *should* suit be brought there.  (Dckt. #1-1 at 307).  In the next

5

sentence, the parties agree (in all-caps) that both sides waive objection to that possibility. Simply put, the agreement explicitly validated one choice of forum without excluding all others. *See, e.g.*, *Rabinowitz v. Kelman*, 75 F.4th 73, 82 (2d Cir. 2023), *quoting Glob. Seafood, Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) ("Forum selection clauses lacking any clear exclusionary or obligatory language – i.e., specific language of exclusion – are permissive and not subject to a presumption of enforceability.") (cleaned up); *McNeil v. Stanley Works*, 33 Fed.Appx. 322, 324 (9th Cir. 2002) (consent to jurisdiction was permissive where it did not specify that the consented-to jurisdiction was exclusive).[4]

Accordingly, the Court declines to dismiss plaintiff's complaint for *forum non conveniens* and finds that the best approach is to determine whether plaintiff's suit should be transferred under 28 U.S.C. §1404(a).

### B.   The Court Exercises Its Discretion Under 28 U.S.C. §1404(a) to Transfer This Case to the Eastern District of Texas, Sherman Division.

Defendants next argue that the Court should transfer this action to the United States District Court for the Eastern District of Texas, Sherman Division pursuant to 28 U.S.C. §1404(a). (Dckt. #15 at 21–29); (Dckt. #43 at 2–4). The Court agrees.

#### 1. Discretionary Standard for Transfer of Civil Actions

Even if the Court finds venue to be proper, it may, in its discretion and "[f]or the convenience of parties and witnesses, in the interest of justice," transfer the case to any district or division where it could have been brought in the first instance. 28 U.S.C. §1404(a). The movant is burdened with establishing that the transferee forum is more convenient; however, "[l]ess of a

---

[4] In their reply, defendants introduce an argument that the Court should construe the LOU's language as a "permissive plus" clause, which transforms the LOU's forum-selection terms from permissive to mandatory. (Dckt. #29 at 4–5). Defendants' cited cases are not precedential authority and they do not persuade the Court to adopt defendants' view.

6

showing of inconvenience is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). The movant must show "that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice." *Guerguiev v. Max Rave, LLC*, 526 F.Supp.2d 853, 856 (N.D.Ill. 2007); *Savista, LLC v. GS Labs, LLC*, No. 13 C 6445, 2024 WL 1050159, at *4 (N.D.Ill. Mar. 11, 2024). Courts are imbued with considerable discretion in deciding whether or not to transfer a case because the "weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude." *Coffey*, 796 F.2d at 219.

In its consideration of whether to transfer a case, the Court "must engage in a flexible and individualized analysis and look beyond a narrow or rigid set of considerations in [its] determinations." *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (cleaned up). To that end, the Court may consider affidavits from the parties in addition to the allegations found in the complaint. *Econ. Preferred Ins. Co. v. Lamb*, No. 21 C 6072, 2022 WL 1556115, at *3 (N.D.Ill. May 17, 2022) (citing *Simonian v. Monster Cable Prod., Inc.*, 821 F.Supp.2d 996, 997 (N.D.Ill. 2010)). As the parties agree that venue is proper in both districts, the Court turns to whether a transfer will serve the convenience of the parties and the witnesses and promote the interests of justice. *See Econ. Preferred Ins. Co.*, 2022 WL 1556115, at *3.

### 2. The Private Interest Factors Weigh in Favor of Transferring this Case to the Eastern District of Texas, Sherman Division.

To analyze whether or not transfer would best serve the convenience of the parties and witnesses, the Court considers: (1) the plaintiffs' choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *Rudy v. D.F.*

7

*Stauffer Biscuit Co., Inc.*, 666 F.Supp.3d 706, 715 (N.D.Ill. 2023), *quoting Esposito v. Airbnb Action, LLC*, 538 F.Supp.3d 844, 847 (N.D.Ill. 2020).  A review of these private interest factors favors transferring this case to the Eastern District of Texas, Sherman Division.

To begin, the plaintiffs' choice of forum weighs slightly against transfer.  A plaintiff's choice of forum is generally given substantial weight, particularly when, as here, it is the plaintiff's home forum.  *Nalco Co. v. Env't Mgmt., Inc.*, 694 F.Supp.2d 994, 998 (N.D.Ill. 2010).  "A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events."  *Morton Grove Pharms, Inc. v. Nat'l Pediculosis Ass'n, Inc.*, 525 F.Supp.2d 1039, 1044 (N.D.Ill. 2007).  Such is the case here: plaintiffs allege that defendants' business conduct occurred in Texas.  *See Rudy*, 666 F.Supp.3d at 716 (courts should look "to where the underlying business decisions were made" when considering where corporate defendant's conduct took place).  Although many of plaintiffs' allegations rest on sources of proof located in Texas, the documents' location does not weigh heavily on the Court's consideration because that information can be easily digitized and relocated, if needed.  *See Campbell v. Campbell*, 262 F.Supp.3d 701, 710 (N.D.Ill. 2017) (in "an era of electronic documents, easy copying and overnight shipping, this factor assumes much less importance.").  The sum of the first three factors therefore weighs slightly against transfer.

The remaining private factors tip the scales in favor of transferring this action to the Eastern District of Texas.  The parties dispute whether Texas would be more convenient to either plaintiffs, defendants, or their witnesses.  (*See* Dckt. #15 at 24–27; Dckt. #22 at 23–24).  Although the forum-selection clause in the LOU is permissive, the Court finds that the fact that plaintiffs contracted for accepting venue and the laws of Texas demonstrates they already agreed

that Texas would be convenient for the parties. *See, e.g.*, *High Tech Nat'l, LLC v. Wiener*, No. 1:19-cv-02489-SEB-MJD, 2019 WL 6329654, at *9 (S.D.Ind. Nov. 26, 2019) (collecting cases treating permissive forum selection clauses as determinative of §1404(a) convenience factors); *AAR Int'l, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 526 (7th Cir. 2001) ("It would seem incongruous to conclude that a party does not similarly waive such objections when he agrees to a permissive forum selection clause which specifically provides for the waiver of convenience-based objections to suits brought in a particular venue."). Furthermore, plaintiffs concede that nine out of twelve known non-party defense witnesses reside in Texas but maintain that, of the remaining three, one "critical" witness, Douglas Passmore, resides in Wisconsin, and that the Northern District of Illinois would be more convenient for him. (Dckt. #22 at 22). Even so, Passmore's convenience in participating in these proceedings does not turn the convenience factor against transfer, particularly in light of the parties' forum-selection agreement.[5] *AAR Int'l, Inc.*, 250 F.3d at 526. Moreover, defendants maintain that twelve of the sixteen non-party witnesses either reside or maintain professional addresses in Texas. (Dckt. #29 at 9).

Taken in sum, the private interest factors favor transfer to the Eastern District of Texas.

### 3. The Public Interest Factors Weigh in Favor of Transferring this Case to the Eastern District of Texas, Sherman Division.

The interests of justice factors relevant to the transfer inquiry relate to the efficient administration of the court system. *Rsch. Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). The Court must consider several factors including: (1) docket congestion and likely speed to trial in each forum; (2) each court's familiarity with the applicable

---

[5] Cook submitted an affidavit in support of defendants' motion in which he averred that travel and lodging for him, MSCI, TEMSCO, and potential employee witnesses would "incur significant disruption and expense" for those made to testify in any eventual trial. (Dckt. #17); *see Econ. Preferred Ins. Co.*, 2022 WL 1556115, at *3.

9

law; (3) the desirability of resolving the case in each forum and relationship of the community to the controversy. *Rudy*, 666 F.Supp.3d at 717, *quoting In re Ryze Claims Sols., LLC*, 968 F.3d 701, 708 (7th Cir. 2020). These factors overall weigh in favor of transfer.

First, the parties concede that the difference in median length of time between filing to disposition for civil cases between the two prospective districts – 5.7 months in the Northern District of Illinois compared to 8.0 months in the Eastern District of Texas – is negligible. *See* Table C-5, U.S. District Courts–Median Time Intervals From Filing to Disposition of Civil Cases, by Action Taken, During the 12-Month Period Ending December 31, 2023, https://perma.cc/23YP-5E8R.

But this factor also looks to the efficiency with which the two courts are likely to resolve this matter, *High Tech Nat'l, LLC*, 2019 WL 6329654, at *11, and the efficient administration of justice, *Coffey*, 796 F.2d at 221. When viewed with this lens, this factor favors transfer. After plaintiff initiated this suit, defendants filed a suit for declaratory judgment against plaintiffs in Denton County, Texas, on similar factual allegations as those present here. (Dckt. #15 at 12, #22-2, & #43). That action has since been removed and transferred to the Eastern District of Texas, Sherman Division.[6]

Plaintiffs say the existence of the declaratory judgment action is a "red herring" unworthy of consideration.[7] (Dckt. #22 at 25–26). The Court disagrees. "[R]elated litigation should be transferred to a forum where consolidation is feasible." *Coffey*, 796 F.2d at 221 (citations

---

[6] *See MSCI Invs., Inc. v. Bottled City Holdings, LLC,* No. 4:23-cv-427 (Dckt. #1), (E.D.Tex. May 9, 2023). That case has since been stayed pending ruling on the instant motion. *Id*. (Dckt. #25).

[7] Plaintiffs also argue that defendants' filing of their action in Denton County, Texas should not weigh on the Court's consideration because defendants filed that case after plaintiffs filed this one. (Dckt. #22 at 17–18). This argument is of no moment, however, because courts of this District "do[] not rigidly adhere to a first-to-file rule." *Williams v. State Farm Mut. Auto. Ins. Co.*, 678 F.Supp.3d 980, 1006 (N.D.Ill. 2023) (citing *Rsch. Automation, Inc.*, 626 F.3d at 980).

10

omitted); *see also, e.g.*, *Innovaport, LLC v. Target Corp.*, 678 F.Supp.3d 1060, 1067 (W.D.Wisc. 2023) ("This court considers consolidation of cases as part of judicial economy in transfer analysis."); *Van Dusen v. Barrack*, 376 U.S. 612, 644 (1964) (consolidation can be beneficial for "uniformity of result"); *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 800 (N.D.Ill. 1998) (same). That the declaratory judgment action is in it its early stages and has been stayed to await this Court's ruling on defendants' motion bolsters the Court's conclusion that the possibility of consolidation would reduce inefficiencies and favors transfer.

Next, as plaintiffs concede, Texas courts will be more familiar with Texas contract law governing this dispute. (Dckt. #22 at 25). Nonetheless, contract law is not generally complex, and courts often must interpret substantive legal questions of other states laws. *See Tingstol Co. v. Rainbow Sales, Inc.*, 18 F.Supp.2d 930, 934 (N.D.Ill. 1998). As a result, the second factor only slightly favors transfer.

Finally, the relationship of each community to this dispute favors transfer. Plaintiffs suffered harms in Illinois, which has an interest in resolving wrongs suffered by its residents in their dealings with citizens of other states. Defendants, however, reside in Texas. Indeed, most, if not all, of the factual predicate for plaintiffs' claims and alleged unlawful activity, took place in Texas, not Illinois. *See Camarena v. Vanderbilt Mortg. & Fin., Inc.*, No. 15 C 00656, 2015 WL 4036258, at *4 (N.D.Ill. July 1, 2015) ("It is Tennessee that has a real connection to this dispute, not Illinois. The case concerns the allegedly unlawful behavior of a Tennessee corporation."); *Perry v. Cable News Network, Inc*¸ No. 14 C 1194, 2014 WL 4214873, at *5 (N.D.Ill. Aug. 25, 2014) ("CNN headquarters is located in Georgia, and CNN makes all pertinent decisions in Georgia."). That factor favors a transfer to the Eastern District of Texas.

In sum: taking the private and public factors together, and in the Court's view of the particularities of the motion, the Court finds that defendants have made a sufficient showing warranting transfer of this case to the Eastern District of Texas, Sherman Division.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiffs' complaint for *forum non conveniens*, or in the alternative, transfer pursuant to 28 U.S.C. §1404(a) or dismiss certain parties and claims under Rule 12(b)(6), (Dckt. #16), is granted in part and denied in part. Defendants' motion to dismiss for *forum non conveniens* is denied and this case is to be transferred to the United States District Court for the Eastern District of Texas, Sherman Division.[8]

**DATE: September 27, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

---

[8] Because the Court is transferring the action, it need not and should not decide the motion to dismiss under Rule 12(b)(6). *See, e.g.*, *Tile, Inc. v. Everythingdeals*, No. 19-12081-MLW, 2020 WL 13606298, at *5 (D.Mass. Apr. 10, 2020) (collecting cases declining to decide motion to dismiss when the court grants motion to transfer the case).